**NO SUMMONS ISSUED**

CV-13 2107

SLR:BDM:DCL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA

        Plaintiff,

-against-

ONE HUNDRED NINETY-ONE
THOUSAND, TWO HUNDRED FIFTY-FIVE
DOLLARS AND THIRTY-TWO CENTS
($191,255.32) IN UNITED STATES CURRENCY,
MORE OR LESS, SEIZED FROM
ACCOUNT NUMBER ENDING - 9376
HELD IN THE NAME OF
LA CENTRO AMERICANA, CORP., LOCATED
AT CAPITAL ONE BANK, ISLIP, NEW YORK
AND ALL PROCEEDS TRACEABLE THERETO and

FORTY THOUSAND, FIVE HUNDRED AND
SEVENTY-FOUR DOLLARS AND EIGHT CENTS
($40,574.08) IN UNITED STATES CURRENCY
MORE OR LESS, SEIZED FROM
ACCOUNT NUMBER ENDING- 2985
HELD IN THE NAME OF
LA CENTRO AMERICANA, CORP., LOCATED
AT CAPITAL ONE BANK, ISLIP, NEW YORK
AND ALL PROCEEDS TRACEABLE THERETO,

        Defendants In Rem.

------------------------------------------------------------X

VERIFIED COMPLAINT
IN REM
CIVIL ACTION NO.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 10 2013 ★
LONG ISLAND OFFICE

FEUERSTEIN, J

## INTRODUCTION

Plaintiff, United States of America, by its attorney, LORETTA E. LYNCH, United States Attorney for the Eastern District of New York, DIANE C. LEONARDO, of counsel, alleges the following upon information and belief:

## PRELIMINARY STATEMENT

1. This is a civil action in rem to forfeit and condemn to the use and benefit of the United States the above-captioned defendant funds, pursuant to 31 U.S.C. § 5317, as property involved in violations of 31 U.S.C. §§ 5324 and/or 5313, or a conspiracy to commit such violations, and/or property traceable to property involved in such violations or conspiracy.

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue lies on the Eastern District of New York pursuant to 28 U.S.C. §§ 1355 and 1395 in that the acts and omissions giving rise to the forfeiture occurred in the Eastern District of New York.

## DEFENDANTS IN REM

4. The above-captioned defendant funds in the approximate total amount of $231,829.40 (the "Defendant Funds") and all proceeds traceable thereto, were previously held on deposit at Capital One Bank, Account numbers ending 9376 and 2985 in the name of La Centro Americana, Corp. (the "Subject Accounts"). The Defendant Funds were seized by agents of the Internal Revenue Service, Criminal Investigation ("IRS CI") on or about December 19, 2012 pursuant to a seizure warrant issued by the Honorable William D. Wall.

## STATUTORY AND REGULATORY FRAMEWORK

5. Pursuant to 31 U.S.C. § 5313(a) and its related regulations, when a domestic financial institution, including banks and money service businesses, is involved in a transaction for the payment, receipt, or transfer of U.S. currency in an amount greater than $10,000.00, the institution shall file a Currency Transaction Report ("CTR") for each cash

2

transaction, such as, by way of example, a deposit, withdrawal, exchange of currency or other payment or transfer by, through or to a financial institution.

6. CTRs are filed with the Financial Crimes Enforcement Network ("FinCEN") on forms that require disclosure of, among other information, the identity of the individual who conducted the transaction and the individual or organization for whom the transaction was completed. These regulations also require that multiple transactions be treated as a single transaction if the financial institution has knowledge that they are conducted by, or on behalf of, the same person and they result in currency either received or disbursed by the financial institution totaling more than $10,000.01 during any single business day.

7. Many individuals involved in illegal activities, such as narcotics trafficking, tax evasion and money laundering, are aware of the reporting requirements and take active steps to cause financial institutions to fail to file CTRs in order to avoid detection of the movement of large amounts of cash. These active steps are often referred to as "structuring" and involve making multiple cash deposits or withdrawals in amounts less than $10,000.01 on the same day or consecutive days in order to avoid the filing of CTR's. Structuring is prohibited by 31 U.S.C. § 5324(a)(3).

8. Pursuant to 31 U.S.C. § 5324, it is a crime for an individual to (1) "cause or attempt to cause a domestic financial institution to fail to file a report required under § 5313(a)," (2) "cause or attempt to cause a domestic financial institution to file a report required under § 5313(a) that contains a material omission or misstatement of fact," or (3) "structure or assist in structuring, any transaction with one or more domestic financial institutions" for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a).

9. Further, 31 U.S.C. § 5317 provides for the forfeiture of any property involved in a violation of 31 U.S.C. § 5324, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy.

10. Pursuant to 18 U.S.C. § 984, in any forfeiture action in which the subject property is cash deposited into a bank account, the government is not required to identify the particular funds involved in the offense, as any funds found in the same account within one year of the date of the offense are subject to forfeiture.

## FACTS

11. La Centro Americana, Corp. ("La Centro") is a wholesaler of Latin American food, beverages and products located in Bayshore, New York. According to a review of public records and bank records for the Subject Accounts, Jose Cerritos is the President, Lisset Cerritos is the Vice President of La Centro, and both are signatories on the Subject Accounts.

12. Based on the government's investigation as detailed below, the Subject Accounts have been involved in structuring activity aggregating to approximately $1,055,884.00 during the period from April 2, 2012 through August 2, 2012.

13. La Centro previously maintained business checking account number ending in -5796 at Bank of America (the "BOA Account"). During the period from on or about and between August 2010 through October 2011, the BOA Account was involved in structuring of approximately 343 cash deposits between $8,000.00 to $10,000.00. The BOA Account was subsequently closed due to structuring.

14. Based on a review of the bank records that were obtained during the course of the investigation, law enforcement has determined that from April 2, 2012 through August 2, 2012, there were approximately one hundred ten (110) structured cash deposits totaling approximately

$1,055,884.00 into the Subject Accounts. As reflected in the chart below, deposits were in amounts of less than $10,000.01, the amount that would have triggered the filing of a CTR, and many of the deposits were made on the same day or consecutive business days. There were also a number of instances where deposits were made on the same day, but at different times, and their total exceeded $10,000.01.

14. The chart below sets forth a sampling of the dates and amounts of the structured cash deposits into the Subject Accounts:

| Date of Cash Deposit | Acct. 7047699376 | Acct. 5802742985 |
|---|---|---|
| 04/02/2012 | | $9,981.00<br>$9,980.00<br>$9,900.00<br>$9,700.00 |
| 04/19/2012 | $9,950.00 | $9,425.00<br>$9,364.00 |
| 04/23/2012 | | $9,900.00 |
| 04/24/2012 | | $9,900.00<br>$9,900.00 |
| 05/08/2012 | $9,239.00 | $9,990.00<br>$9,960.00<br>$9,950.00 |
| 05/15/2012 | | $9,995.00<br>$9,820.00<br>$9,800.00 |
| 05/22/2012 | | $9,200.00<br>$9,177.00<br>$9,100.00 |
| 05/29/2012 | $8,039.00<br>$9,900.00<br>$9724.00<br>$9620.00<br>$9,000.00 | |
| 06/05/2012 | | $9,900.00<br>$9,900.00<br>$9,825.00 |
| 06/12/2012 | | $9,750.00<br>$9,230.00<br>$9,000.00 |
| 06/19/2012 | $9,401.00 | $9,999.00<br>$9,800.00 |
| 06/21/2012 | | $9,770.00 |

|  |  | $9,200.00 |
|---|---|---|
| 06/27/2012 | $8,200.00 | $9,440.00 |
| 06/28/2012 | $9,980.00 |  |
| 06/29/2012 | $9,300.00 | $9,900.00 |
| 07/03/2012 |  | $9,970.00<br>$9,700.00<br>$9,400.00 |
| 07/10/2012 |  | $9,950.00<br>$9,875.00<br>$9,790.00 |
| 07/13/2012 |  | $9,950.00<br>$9,000.00 |
| 07/17/2012 |  | $9,950.00<br>$9,550.00<br>$9,500.00 |
| 07/18/2012 |  | $9,900.00<br>$9,536.00<br>$9,200.00 |
| 07/24/2012 |  | $9,995.00<br>$9,980.00<br>$9,885.00 |
| 08/02/2012 |  | $9,624.00<br>$8,000.00 |

15.  On December 19, 2012, United States Magistrate Judge William D. Wall found that probable cause existed to believe that at least $1,055,884.00 was structured into the Subject Accounts. Accordingly, Magistrate Judge Wall issued warrants authorizing the seizure of up to $1,055,884.00 in the Subject Accounts.

16.  On or about the same day, agents assigned to IRS CI executed the seizure warrants issued by Magistrate Judge Wall, which resulted in the seizure of the Defendant funds in the amounts of approximately $191,255.32 from Account number ending - 9376 and approximately $40,574.08 from Account number ending – 2985.

## CLAIM FOR RELIEF

17. Plaintiff repeats the allegations of paragraphs 1 through 16 as if set forth fully herein.

18. The Defendant funds, and all proceeds traceable thereto, were involved in or are traceable to, transactions or attempted transactions, which are structured with the intent to avoid transaction reporting requirements under federal law, in violation of 31 U.S.C. §§ 5324 and/or 5313.

19. As a result of the foregoing, the Defendant funds, and all proceeds traceable thereto, are liable to condemnation and subject to forfeiture to the United States in accordance with 31 U.S.C. § 5317.

WHEREFORE, Plaintiff requests that a warrant of this Court be issued for the arrest of the Defendant Funds; that notice of these proceedings be given to all interested persons, that the Defendant Funds be condemned and forfeited to the use of the United States of America; that Plaintiff be awarded its costs and disbursements for this action and for such other relief as this Court deems just and proper.

Dated: Central Islip, New York
April 9, 2013

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
Attorney for Plaintiff
610 Federal Plaza, 5th Floor
Central Islip, New York 11722

By: _____
Diane C. Leonardo
Assistant U.S. Attorney
(631) 715-7854

## **VERIFICATION**

1. I am a Detective with the Suffolk County Police Department ("SCPD") assigned to the Suffolk Treasury Enhanced Prosecution Program Task Force ("STEPP") at the Internal Revenue Service, Criminal Investigation, New York Field Office.

2. I have read the within Verified Complaint In Rem and know the contents thereof.

3. The matters contained within the Verified Complaint In Rem are true and accurate to the best of my knowledge, information, and belief.

4. The source of information and the grounds for my belief are my personal knowledge, information provided by other law enforcement officers and the official files and records of the IRS.

I declare under the penalty of perjury that the foregoing is true to the best of my knowledge, information, and belief.

Dated: April 9, 2013

Gregory J. Lopez
Detective, Suffolk County Police Department
Internal Revenue Service